# Supreme Court of Florida

---

No. SC2023-0803

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.116.**

May 9, 2024

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a report proposing amendments to Florida Rule of Criminal Procedure 3.116 (Use of Communication Technology).[1] We decline to amend rule 3.116 as proposed and instead amend the rule to more closely align with Florida Rule of General Practice and Judicial Administration 2.530(b) (Communication Technology; Generally).

In 2022, we revised rule 2.530 to "provide permanent and broader authorization for the remote conduct of certain court proceedings." *In re Amends. to Fla. Rules of Civil Proc., Fla. Rules of Gen. Prac. & Jud. Admin., Fla. Rules of Crim. Proc., Fla. Prob. Rules,*

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

*Fla. Rules of Traffic Ct., Fla. Small Claims Rules, & Fla. Rules of App. Proc.*, 346 So. 3d 1105, 1107 (Fla. 2022). Rule 2.530 applies to all court proceedings unless another rule of procedure or general law governs, and it allows a judge to authorize the use of communication technology upon a party's written motion or at the discretion of the judge. *Id.* at 1108; Fla. R. Gen. Prac. & Jud. Admin. 2.530(b). A judge, however, is required to grant a motion to use communication technology under rule 2.530(b)(1) (Non-Evidentiary Proceedings) for non-evidentiary proceedings scheduled for 30 minutes or less absent good cause to deny it.

When we revised rule 2.530, we exempted criminal proceedings from the rule's requirements by also adopting rule 3.116. *Amends. to Fla. Rules of Civil Proc.*, 346 So. 3d at 1108; Fla. R. Crim. P. 3.116(b) ("Use of communication technology in proceedings subject to the Florida Rules of Criminal Procedure is governed by this rule . . . ."). Similar to rule 2.530, rule 3.116(c) (Pretrial Conferences) allows a judge to authorize the use of communication technology for pretrial conferences in criminal cases on a party's written motion or at the discretion of the judge. Unlike rule 2.530, however, a judge is not required under rule 3.116 to

grant a motion to use communication technology for non-evidentiary proceedings scheduled for 30 minutes or less.

To align rule 3.116 with rule 2.530 on the use of communication technology for short non-evidentiary proceedings, the Committee proposes replacing the language in rule 3.116(c) with the language contained in rule 2.530(b)(1). This approach, however, would entirely delete the general authorization in rule 3.116(c) to use communication technology for pretrial conferences in criminal cases. A judge would no longer have the authority under the Committee's proposal to use communication technology to conduct pretrial non-evidentiary hearings scheduled for more than 30 minutes, nor could it use such technology to conduct any pretrial evidentiary hearings regardless of their length. A judge would be strictly limited to using communication technology for non-evidentiary hearings scheduled for 30 minutes or less.

It is clear from the report and the nearly 50 comments filed in this case that this is not the result the Committee intended to achieve with its proposal. The Committee intended to simply have communication technology used more uniformly, and more frequently, across the circuits for routine non-evidentiary matters in

criminal cases.  We agree with this goal, but we believe an approach more in line with rule 2.530(b) is needed here.  We, therefore, decline to amend rule 3.116 as proposed by the Committee and instead amend the rule to include new subdivision (c)(1) (Non-Evidentiary Pretrial Conferences).  The new subdivision preserves the general authorization in rule 3.116(c) to use communication technology for pretrial conferences, while at the same time requiring a judge to grant a motion to use such technology for non-evidentiary pretrial matters scheduled for 30 minutes or less absent good cause to deny it.

Accordingly, Florida Rule of Criminal Procedure 3.116 is amended as set forth in the appendix to this opinion.  New language is indicated by underscoring.  The amendment becomes effective on July 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules of Criminal Procedure

Jason B. Blank, Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Cynthia Cohen, Past Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael A. Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

George Pavlidakey, Clearwater, Florida; Andrew Pouget of Fowler Law Group, P.A., Sarasota, Florida; L. Derek Byrd of The Byrd Law Firm, P.A., Sarasota, Florida; Robert S. Reiff of Law Offices of Robert S. Reiff, P.A., Miami, Florida; Anthony G. Ryan, Sarasota, Florida; Elizabeth J. Loeffler of McIntosh Law, Sarasota, Florida; AnneMarie Rizzo of The Law Place, Sarasota, Florida; Darren Finebloom of The Law Place, Tampa, Florida; L. Lee Lockett, Jacksonville Beach, Florida; David Ashley Haenel of The Law Place, Sarasota, Florida; Stephen Higgins of The Law Place, Tampa, Florida; Jason H. Haber of Haber Blank, Fort Lauderdale, Florida; Frank Quintero, Jr. of Quintero Broche P.A., Coral Gables, Florida; Hillary Ellis of The Law Place, Sarasota, Florida; Ramon de la Cabada of Law Office of Ramon de la Cabada, P.A., Miami, Florida; Sergio Cruz, Orlando, Florida; Patrick J. Grozinger of Grozinger Law, P.A., Orlando, Florida; Amber Kornreich, Jessica Duque, and Liana Matthews on behalf of Miami-Dade Florida Association for Women Lawyers, Miami, Florida; Shpresa Idrizi of Idrizi Law Group, Clearwater, Florida; Seth Shapiro of Morris Law Firm, St. Petersburg, Florida; Melinda Morris of Morris Law Firm, St. Petersburg, Florida; Kali de Vlaming of deVlaming & Rivellini, PA, Clearwater, Florida; Adam Chrzan, Vero Beach, Florida; Clementine Luccia Conde, Palm Harbor, Florida; Jason B. Blank of Haber Blank, LLP, Fort Lauderdale, Florida, H Scott Fingerhut, Bay Harbor Islands, Florida, Susan O. Hugentugler, Deerfield Beach, Florida, Benedict P. Kuehne of Kuehne Davis Law, P.A., Miami, Florida, Warren Lindsey of Lindsey, Ferry & Parker, P.A., Winter Park, Florida, Sheryl J. Lowenthal, Miami, Florida, Martin P. McDonnel of the Law Offices of Martin McDonnell, Santa Rosa Beach, Florida, David

B. Rothman of Rothman & Associates, P.A., Miami, Florida, Harvey Joel Sepler, Hollywood, Florida, Joel M. Silvershein, Fort Lauderdale, Florida, George E. Tragos of the Law Offices of Tragos Sartes & Tragos, Clearwater, Florida, Hon. Samantha Ward, Tampa, Florida, Paul H. Zacks, Delray Beach, Florida, and Jennifer M. Zedalis, Gainesville, Florida; Joseph C. Bodiford of Bodiford Law, Tallahassee, Florida; Richard F. Della Fera of Richard F. Della Fera, P.A., Fort Lauderdale, Florida; Brett Michael Schwartz of Hager & Schwartz, P.A., Fort Lauderdale, Florida; Andre Rouviere of Law Offices of Andre A. Rouviere, Coral Gables, Florida; Matthew P. Meyers of Young, Berman, Karpf & Karpf, Miami, Florida; Brent Del Gaizo, Plantation, Florida; Kathleen Hamilton of Law Office of Kathy Hamilton, Coconut Grove, Florida; Andrew M. Coffey of Andrew M. Coffey, P.A., Fort Lauderdale, Florida; Brian Lee Tannebaum of Brian L. Tannebaum, P.A., Miami, Florida; Luke Newman of Luke Newman, P.A., Tallahassee, Florida; Adam J. Komisar of Komisar Spicola, P.A., Tallahassee, Florida; Dianne Elizabeth Caramés on behalf of the Florida Association of Criminal Defense Lawyers - Miami Chapter, Miami, Florida; Edward S. Schwartz of Gerson & Schwartz, P.A., on behalf of the National Center for Victims of Crime, Miami, Florida; Alex John Saiz on behalf of the Florida Justice Center, Fort Lauderdale, Florida; Sabrina Vora-Puglisi of Puglisi Caramés, Miami, Florida; Jude M. Faccidomo of Ratzan & Faccidomo, LLC., Miami, Florida; Robert C. Josefsberg of Podhurst Orseck, P.A., Miami, Florida; Howard L Dimmig, II, Bartow, Florida; Maribeth Wetzel of Goldman Wetzel, PLLC, St. Petersburg, Florida; Tad A. Yates of Law Offices of Tad A. Yates, P.A., Orlando, Florida; Shalyn Fluharty on behalf of Americans for Immigrant Justice, Miami, Florida, Robert L. Johnson, Jr. on behalf of Brevard County Legal Aid, Inc., Rockledge, Florida, Randolph McGrorty and Gracia M. Cuzzi on behalf of Catholic Legal Services, Archdiocese of Miami, Miami, Florida, Lisa Goldberg on behalf of Coast to Coast Legal Aid of South Florida, Inc., Fort Lauderdale, Florida, Mindy Jones on behalf of Coast to Coast Legal Aid of South Florida, Inc., Fort Lauderdale, Florida, Lesley Mendoza on behalf of Cuban American Bar Association

Pro Bono Project, Inc., Miami, Florida, Karen J. Ladis on behalf of Dade Legal Aid, Miami, Florida, Jaffe Pickett on behalf of Florida Rural Legal Services, Inc., Lakeland, Florida, Theresa L. Prichard on behalf of Gulfcoast Legal Services, St. Petersburg, Florida, James A. Kowalski, Jr. on behalf of Jacksonville Area Legal Aid, Inc., Jacksonville, Florida, Bethanie Barber on behalf of Legal Aid Society of the Orange County Bar Association, Orlando, Florida, Robert A. Bertisch, on behalf of Legal Aid Society of Palm Beach County, Inc., West Palm Beach, Florida, and Leslie N. Powell on behalf of Legal Services of North Florida, Inc., Tallahassee, Florida; Harold F. Pryor, State Attorney, Seventeenth Judicial Circuit, Fort Lauderdale, Florida; David L. Redfearn of Longwell Lawyers, and Ida V. Eskamani, Orlando, Florida; Daniel J. Tibbitt, Miami, Florida; John S. Hager and Todd A. Onore on behalf of the Broward Association of Criminal Defense Lawyers, Fort Lauderdale, Florida; and Jason Cromey on behalf of the Florida Association of Criminal Defense Lawyers, Inc., Pensacola, Florida,

Responding with comments

# APPENDIX

## RULE 3.116.   USE OF COMMUNICATION TECHNOLOGY

**(a)-(b)**      [No Change]

**(c)     Pretrial Conferences.** A judge may, upon the court's own motion or upon the written request of a party, direct that communication technology be used by one or more parties for attendance at a pretrial conference, except that, before a judge may direct that the defendant participate in the pretrial conference using communication technology, the defendant or the defendant's counsel must waive the defendant's physical attendance at the pretrial conference pursuant to rules 3.180(a)(3) and 3.220(*o*)(1). A judge must give notice to the parties and consider any objections they may have to the use of communication technology before directing that communication technology be used. The decision to use communication technology over the objection of parties will be in the discretion of the trial court, except as noted below.

(1)     *Non-Evidentiary Pretrial Conferences.* A judge must grant a request to use communication technology for a non-evidentiary pretrial conference scheduled for 30 minutes or less unless the judge determines that good cause exists to deny the request.

**(d)-(e)**      [No Change]

**Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19 Note**

[No Change]